# IN THE COURT OF APPEALS OF IOWA

No. 21-1654
Filed January 12, 2022

**IN THE INTEREST OF P.H. and E.H.,**
**Minor Children,**

**B.H., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

　　Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights. She contends the State failed to prove the grounds for termination by clear and convincing evidence. In the alternative, she asks for more time to reunite with the children. She also claims her bond with the children provides an exception to terminating her parental rights under Iowa Code section 232.116(3)(c) (2021). We review her claims de novo. *See In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). We give weight to the juvenile court's fact findings, especially those concerning witness credibility, although we are not bound by them. *Id.*; *see also* Iowa R. App. P. 6.904(3)(g).

This family came to the attention of the department of human services in June 2019 as a result of a reports the mother was using methamphetamine while caring for the children. The children were placed out of the mother's care in July 2019.[1] Except for a two-week trial home visit in March 2021 for P.H., the children have not been in the mother's care. During the underlying CINA proceedings, the mother has been hospitalized more than once due to her mental-health and substance-abuse issues—the most recent hospitalization occurred in August 2021.

After an October 15, 2021 hearing, the juvenile court terminated the mother's rights to both children on two statutory grounds.[2] We may affirm if the

---

[1] The mother first voluntarily placed the children in a friend's care. In September 2019, the children were adjudicated children in need of assistance (CINA). E.H., born in 2015, is placed with his biological father. P.H., born in 2017, is in the care of the maternal grandmother.

[2] Iowa Code section 232.116(1)(f) and (*l*).

record supports termination on either ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The court may terminate under section 232.116(1)(f) if it finds:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

On appeal, the mother challenges only subparagraph (4), asserting the children could be returned to her care. This is contradicted by her own testimony at the hearing. The mother was asked, "Are you in a location and a position where the [children] could be safely returned to you today?" She responded, "No. God, no." The evidence presented at trial established the mother has not adequately addressed her long-term mental-health and substance-abuse issues. She was living in an abandoned house with a registered sex offender and hoping to enter in-patient treatment within two weeks. The mother agreed that it was in the children's best interests to be in a stable, drug-free home where their caregiver is able to handle their mental-health needs. There is clear and convincing evidence to support termination of the mother's rights.

The mother asserts the juvenile court should have allowed her additional time to seek reunification. But these children have been in out-of-home placements since July 2019. A permanency order was filed in March 2021, and the mother has already had more than the statutory period to reunite with her children. Because the statutory period has been exceeded, we view the situation

with a "sense of urgency." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). The children have already waited more than two years for their mother to deal with her mental-health and substance-abuse issues. She has been unwilling or unable to do so. Further time in limbo for these children is not warranted.

The mother contends we can avoid termination of her parental rights based on exceptions found in Iowa Code section 232.116(3). These exceptions are "permissive, not mandatory," so the court is not required to apply them even if they have been established. *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018) (citation omitted). The parent resisting termination bears the burden of proof to establish an exception under section 232.116(3). *Id.* at 476. The mother has failed to do so.

The mother asserts that because the children are in relative care, we need not terminate her parental rights. *See* Iowa Code § 232.116(3)(a). "An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *A.S.*, 906 N.W.2d at 475 (citation omitted).

And the mother has not shown her bond with the children is so close that termination of her rights would be detrimental to the children. Iowa Code § 232.116(3)(c). The juvenile court found:

> The bond with the mother has waned given the length of time [E.H.] has been out of her care and given the lack of consistent contact with [P.H.] There is no question that the mother loves her children. At this time, however, she is incapable of providing for her own needs, much less meeting the needs of the children. The bond is not such that a termination of parental rights would present a detriment to either child. The bonds between the relative placements and the children are strong and loving. They each are committed to meeting the respective child's needs long-term.

On our de novo review, we agree with the juvenile court that grounds for termination exist, no extension of time is warranted, and termination of the mother's parental rights is in the children's best interests, which is not countermanded by any permissive exception.  We therefore affirm.

**AFFIRMED.**